| | |
|---|---|
| BAGINSKI POTATO COMPANY Ltd,<br>    Plaintiff,<br>vs.<br>CUSTOM CUTS FRESH LLC, BRADLEY BECKMAN,<br>    Defendants. | Case No. 2:11-CV-00439-RTR |
| RIVER POINT FARMS LLC,<br>    Plaintiff,<br>vs.<br>CUSTOM CUTS INC., CUSTOM CUTS FRESH LLC, BRADLEY BECKMAN,<br>    Defendants. | |
| KAISER INTERNATIONAL, LLC,<br>    Plaintiff,<br>vs.<br>CUSTOM CUTS FRESH, LLC, BRADLEY V. BECKMAN,<br>    Defendants. | |
| SUNRIDGE FARMS INC., dba COASTLINE,<br>    Plaintiff,<br>vs.<br>CUSTOM CUTS INC., CUSTOM CUTS FRESH LLC, BRADLEY BECKMAN,<br>    Defendants. | |
| SANTA BARBARA FARMS LLC<br>    Plaintiff,<br>vs.<br>CUSTOM CUTS INC., CUSTOM CUTS FRESH LLC, BRADLEY BECKMAN,<br>    Defendants. | |

**ORDER GRANTING MOTION FOR ENTRY OF AMENDED PRELIMINARY INJUNCTION, CONSOLIDATION, AND ESTABLISHING A PACA CLAIMS PROCEDURE**

Before this Court is Plaintiffs' Motion for entry of Amended Preliminary Injunction, seeking to enjoin Defendants' dissipation of PACA trust assets and to establish certain procedures for the management of the assets subject to the trust provisions of the Perishable Agricultural Commodities Act, 1930 (PACA). 7 U.S.C. §§499a-t. Accordingly, the Court finds:

## I. PROCEDURAL HISTORY

1. Plaintiff Baginski Potato Company, Ltd. initiated this action against Defendants Custom Cuts Fresh, LLC and Bradley V. Beckman on May 6, 2011 seeking enforcement of the statutory trust arising under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499 et seq.

2. The trust provisions of PACA establish a statutory, nonsegregated trust under which Custom Cuts and Bradley Beckman are required to hold all trust assets including inventory, proceeds, and accounts receivable in trust for qualified beneficiaries until full payment is made. 7 U.S.C. §499e(c)(2).

3. On May 9, 2011, Baginski filed a Motion for Temporary Restraining Order and Preliminary Injunction [DE 3] seeking injunctive relief against Defendants for violations of the duties imposed by PACA, including but not limited to failure to preserve PACA trust funds and breach of fiduciary duties to pay all PACA trust beneficiaries in full. In support of that Motion, Baginski filed the Declaration of Michael Baginski [DE 4-1] and the Certification of Counsel Why Notice Should Not Be Required Under Federal Rule 65(b). [DE 3-2] The Defendants did not respond to that Motion.

4. On July 1, 2011, River Point Farms, LLC initiated case number 2:11-cv-00638 against Defendants Custom Cuts and Beckman seeking enforcement of its rights under PACA.

5. On July 6, 2011, Kaiser International, LLC initiated case number 2:11-cv-647 against Defendants Custom Cuts and Beckman also seeking enforcement of its rights under PACA. Kaiser also sought a Temporary Restraining Order enjoining Defendants' dissipation of PACA trust assets. [DE 2]. In support of that motion, Kaiser filed the Affidavit of Steven L. Kaiser, Managing Member of Kaiser International, LLC [DE 2-2] and the Certification of Counsel Why Notice Should Not Be Required Under Federal Rule 65(b). [DE 4] The Defendants did not respond to that motion, which was denied on July 7, 2011. [DE 8]

6. On July 8, 2011. Baginski filed an Amended Complaint [DE 17], adding C.H. Robinson Custom Cuts, Inc. as a Plaintiff to this case, and this Court entered an Order [DE 16] consolidating the River Point and Kaiser cases into this case and granting Baginski's Motion for a Preliminary Injunction ("Preliminary Injunction Order"). The Preliminary Injunction Order directed Defendants to escrow the proceeds from produce sales, identify the receivables, inventory the assets of Custom Cuts and to separate and maintain Custom Cuts' produce-related assets.

7. On July 19, 2011, Baginski, C.H. Robinson, River Point and Kaiser (collectively the "PACA Plaintiffs") discovered that Custom Cuts intended to sell substantially all of its assets at an auction on July 27, 2011 and did not intend to preserve these funds for the PACA Plaintiffs, in violation of the Injunction Order.

8. On July 22, 2011, two other related PACA actions were filed in this District by Sunridge Farms, Inc. (case number 11-CV-699) and Santa Barbara Farms, LLC (case number 11-CV-701).

9. On July 25, 2011, the PACA Plaintiffs and counsel for the auction company entered into a Stipulation to Permit Auction of Assets. [DE 22] In accordance with the Order [DE 23] approving that Stipulation, the auction sale took place, and $531,001.30 of the proceeds from the auction are being held in trust by the law firm of Beck, Chaet, Bamberger & Polsky, S.C., counsel for River Point Farms.

10. On August 2, 2011, the PACA Plaintiffs filed a motion seeking an order to show cause why Defendants Custom Cuts and Beckman should not be held in contempt of Court. [DE 24]. That motion, and the supporting affidavits of attorneys Steven W. Jelenchick [DE 24-1] and Devin J. Oddo [DE 24-2], alleges that Defendants were served with the Preliminary Injunction Order by UPS delivery and by personal service, and have nevertheless failed to comply with that Order. Defendants have provided the PACA Plaintiffs with a copy of a report titled "Open Receivable Aging Detail by Company Name" which appears to show $759,630.69 in accounts receivable due and owing to Defendants. Despite the mandates in the Preliminary Injunction Order, the PACA Plaintiffs contend that Defendants have indicated that they have no intention to collect accounts receivable and preserve as required.

11. On August 4, 2011, Harvest Food Group, Inc. sought leave to intervene in this case. [DE 26].

12. On August 15, 2011, the PACA Plaintiffs filed an Amended Motion For Preliminary Injunction, Consolidation, and Establishing a PACA Claims Procedure.

## II. LEGAL AND FACTUAL FINDINGS

13. According to the pleadings, the Declarations, and the supporting documents Custom Cuts has purchased or received from the PACA Plaintiffs, and Harvest Fresh $882,447.03 in perishable agricultural commodities in foreign and interstate commerce, and that Custom Cuts has failed to pay the PACA Plaintiffs and Harvest Fresh for the perishable agricultural commodities in violation of PACA, 7 U.S.C. §499e(c).

14. Defendants have dissipated the PACA trust assets by failing to maintain sufficient "freely available" assets to satisfy, inter alia, the $882,447.03 in PACA trust claims of the PACA Plaintiffs and Harvest Fresh.

15. The PACA Plaintiffs have established that there is sufficient evidence of dissipation of assets subject to the PACA trust to warrant the relief granted in this Order.

16. This Amended Preliminary Injunction Order causes no damage to Defendants as it merely requires them to meet their obligations set forth in the PACA statute.

17. This Amended Preliminary Injunction Order does not finally adjudicate the amounts owed to the PACA Plaintiffs and Harvest Fresh or whether either gave proper notice of intent to preserve trust benefits.

18. The issuance of this Injunction will not adversely affect the public interest.

19. This Order is necessary to facilitate the recovery of the PACA trust assets, prevent loss or diversion of such assets, minimize administrative costs, determine amount of valid claims to the assets, distribute the PACA trust assets pro-rata to qualified PACA trust beneficiaries, and to minimize further litigation.

20. The interests of judicial economy justify consolidation of the Sunridge Farms, Inc. case (case number 11-CV-699) and Santa Barbara Farms, LLC (case number 11-CV-701) with the instant case. The Complaint and any Amended Complaint filed by the PACA Plaintiffs, Sunridge Farms, Santa Barbara and Harvest Fresh are deemed to satisfy any Complaint in Intervention filing requirement set forth herein.

Based on the foregoing, **IT IS HEREBY ORDERED**, as follows:

### III. PRELIMINARY INJUNCTION

21. This Order is binding upon the Parties to this action, their officers, agents, assigns, employees, banking institutions and attorneys, and all other persons or entities who receive actual notice of the entry of this Order.

22. Custom Cuts and Bradley Beckman, their agents, employees, officers, directors, assigns, representatives, and banking institutions are restrained and enjoined from alienating, dissipating, withdrawing, paying over, or assigning any assets belonging to Custom Cuts, including, without limitation, all assets contemplated by 7 C.F.R. §46.46, as interpreted by applicable case law, except as set forth in this Order.

23. On or before 5:00 p.m. CST on Monday, August 22, 2011, Defendant Beckman shall provide the attorneys listed in ¶39 with:

   a. A detailed statement listing Custom Cuts' outstanding accounts receivable ("Receivables Report"), including the address, telephone number, and primary contact person for each of company listed, along with the amounts due to Custom Cuts.

   b. A detailed statement listing Custom Cuts' outstanding accounts payable ("Payables Report"), including the address, telephone number, and

primary contact person for each of company listed, along with the amounts owed by Custom Cuts,

    c.    A list that identifies all financial institutions where Custom Cuts has had an account within the past two years.

    d.    A sworn statement, identifying all assets purchased by Custom Cuts within the last year;

    e.    All liabilities incurred by Custom Cuts within the last year;

    f.    The income tax returns filed by Custom Cuts for the 2009 and 2010 tax years, including all schedules, attachments, and amendments.

24.    Steven W. Jelenchick, Esq., counsel for River Point shall serve a copy of this Order on (a) each of Custom Cuts' customers identified on the Receivables Report, (b) all financial institutions in which Custom Cuts has funds on deposit, and (c) on any other entity that may be in possession of any of Custom Cuts' assets. Mr. Jelenchick shall send the Notice and Order by certified mail with return receipt requested, facsimile, or any equally verifiable means of delivery, and shall file a Proof of Service identifying the name and address of all persons and entities served with this Order.

25.    Upon request, during normal business hours, Bradley Beckman shall provide the attorneys listed in ¶¶39 with reasonable access to Custom Cuts' books and records, including without limitation, all banking records, statements, check registers, invoices, credit memos, Receivables, ledgers, insurance policies, inventory lists, accounts payable lists, customer lists, vendor invoices and access to Custom Cuts computers, computer software and related passwords.

26.    The PACA Trust Assets subject to claims of the PACA Plaintiffs and Harvest Fresh and in the possession of Custom Cuts as described in 7 C.F.R. §46.46 as interpreted by

applicable case law, shall serve as Plaintiffs' security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

## IV. ESTABLISHMENT OF PACA TRUST ACCOUNT

27. On or before 5:00 p.m. CST on Monday, August 29, 2011, Mr. Jelenchick, shall establish an escrow account at a federally insured financial institution entitled "Custom Cuts PACA Trust Account" ("PACA Trust Account"). Mr. Jelenchick shall be the only person with authority to write checks and make withdrawals from this account. Mr. Jelenchick may not authorize any withdrawals from the account without either a written stipulation signed by the attorneys listed in ¶39 or a Court Order. The PACA Trust Account shall not be subject to execution, levy or attachment by any creditor of Custom Cuts or Bradley Beckman without further order of this Court.

28. Any and all interest which accrues on the funds held in the PACA Trust Account from the date the account was opened to the date of distribution, shall follow the funds into the hands of the party ultimately deemed entitled to such funds.

29. Mr. Jelenchick shall promptly forward to the counsel identified in ¶¶39 the monthly statements from the PACA Trust Account.

## V. COLLECTION AND LIQUIDATION OF THE PACA TRUST ASSETS

30. All financial institutions in which Custom Cuts has funds on deposit and any other person or entity that may be in possession of any of Custom Cuts' assets shall, upon receipt of actual notice of this Order, promptly account for and turn over all monies to Mr. Jelenchick, who shall then promptly deposit such funds into the PACA Trust Account.

31. On or before September 30, 2011, all persons and businesses that have purchased produce from Custom Cuts and owe money to Custom Cuts for those purchases, shall tender to Mr. Jelenchick all amounts owed to Custom Cuts. Mr. Jelenchick shall then promptly deposit all amounts received into the PACA Trust Account.

32. The PACA Plaintiffs are authorized to stipulate to retain one or more collection agents, which may include attorneys, to assist with the collection of assets owed to Custom Cuts, and to enter into an agreement with each collection agent which provides for reasonable compensation to be paid to the collection agent for services rendered.

33. Bradley Beckman is ordered and directed to maintain the integrity and security of Custom Cuts' financial records, including its computer data, financial records, and records of Custom Cuts' accounts payable and receivable. Mr. Beckman shall cooperate with the attorneys listed in ¶¶39 in the collection of accounts receivable and turnover of PACA trust assets.

## VI. PACA CLAIMS PROCEDURE

34. Because Custom Cuts has ceased operations, and is being liquidated for the benefit of its creditors, all validly qualified PACA trust beneficiaries of Custom Cuts have the right to share pro-rata with the PACA Plaintiffs in any PACA Trust Assets distributed in this action.

35. The efficient administration of justice requires that all persons or entities claiming to be potential PACA Trust Creditors of Custom Cuts receive notice of this action. Further, to ensure finality of any ultimate distribution of PACA Trust Assets in this case, all

persons or entities claiming to be PACA Trust Creditors of Custom Cuts must be required to intervene in this action in order to bring them within the jurisdiction of this Court. Accordingly, all persons or entities claiming an interest in the PACA Trust Assets are required to intervene in this action prior to an established bar date in order to (i) avoid duplicate actions, (ii) define the class of PACA Trust Creditors, (iii) establish a method to determine the validity and amount of their claims, and (iv) share in any distribution of PACA Trust Assets recovered. All persons or entities having an unpaid invoice for the sale of produce to Custom Cuts or Bradley Beckman or who otherwise claim to be a PACA Trust Creditor of Defendants, are granted leave to intervene pursuant to the procedure set forth below and, upon such intervention, each such entity shall be bound by all Orders entered in this case.

36. Any and all other persons, firms, and corporations whose interests may be affected by this Order or the results of this action may intervene without further order of this Court.

37. On or before Friday, September 16, 2011, Mr. Jelenchick shall send the Notice attached to this Order as Exhibit 1 to each creditor listed on Custom Cuts' Payables Report. If the creditor is already a party to this case, or if a notice of appearance has been filed on its behalf in this action, the Notice shall be sent to the creditor's attorney of record. The Notice shall be accompanied by a copy of this Order, Mr. Jelenchick shall send the Notice and Order by certified mail with return receipt requested, facsimile, or any equally verifiable means of delivery.

38. The Notice shall be structured on the following schedule:

> Deadline to File Complaint in Intervention and
> PACA Proof of Claim ...................................................... Thursday, October 06, 2011
>
> Objections to any PACA Proof of Claim Due ........ Wednesday, October 26, 2011
>
> Responses to Claims Objections Due ........................Monday, November 07, 2011
>
> Deadline to File Motion to Rule on Objections .... Thursday, November 17, 2011
>
> Deadline to File PACA Trust Chart and Motion for
> Interim Distribution of Available Funds ................. Tuesday, November 22, 2011
>
> Deadline to object to PACA Trust Chart and
> Motion for Interim Distribution of Available
> Funds ........................................................................... Tuesday, November 29, 2011
>
> Deadline to Reply to any Objection to PACA Trust
> Chart and Motion for Interim Distribution of
> Available Funds..................................................................Friday, December 2, 2011
>
> Deadline for Interim Distribution....................................Friday, December 9, 2011

39. On or before Thursday, October 06, 2011, the "Deadline to File Complaint in Intervention and PACA Proof of Claim" each unpaid supplier of Produce to Custom Cuts or other claimant alleging rights under the PACA Trust, shall file with the Clerk of the Court for this District:

> (a) A Complaint in Intervention (or Amended Complaint) complying with Federal Rule of Civil Procedure 8(a); and
>
> (b) A completed Declaration in Support of PACA Trust Claim ("PACA Proof of Claim"), in a form substantially similar to that attached as Exhibit 2, along with any and all documents supporting its claim. Each PACA Proof of Claim must be verified by either an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims, and any documents that are not attached to the PACA Proof of Claim shall be inadmissible at any evidentiary proceeding or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

The Complaint in Intervention (or Amended Complaint) and Declaration in Support of PACA Trust Claim shall be served upon the attorneys listed below.

| **MEUERS LAW FIRM, P.L.** | **BECK, CHAET, BAMBERGER & POLSKY, S.C.** |
|---|---|
| Katy Koestner Esquivel | Steven W. Jelenchick |
| 5395 Park Central Court | 330 E. Kilbourn Avenue, Suite 1085 |
| Naples, Florida 34109-5932 | Milwaukee, WI 53202 |
| Telephone: (239) 513-9191 | Telephone: (414) 273-4200 |
| Facsimile: (239) 513-9677 | Facsimile: (414) 273-7786 |
| kesquivel@meuerslawfirm.com | sjelenchick@bcblaw.net |

**MARTYN AND ASSOCIATES**
Devin J. Oddo
820 Superior Avenue, N.W., Tenth Floor
Cleveland, Ohio 44113
Telephone: (216) 861-4700
(216) 861-4703
djoddo@martynlawfirm.com

Service under this paragraph will be accomplished by in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. The parties agree that service may be made in accordance with Fed.R.Civ.P. 5(b)(2)(D) via e-mail, provided that if service is effectuated via e-mail, a copy of the document shall also be served via facsimile or U.S. Mail on the date of e-mail service, and service via e-mall shall be made to the e-mail address identified above. All filings will be accompanied by a certificate of service.

40. Any Produce supplier who fails to timely file such Complaint in Intervention and a PACA Proof of Claim with the Court and serve the counsel identified in ¶39, shall be forever barred from thereafter asserting any claim against Custom Cuts, its officers, directors, shareholders, or employees, under PACA or for non-payment of Produce sold, whether in this Court or any other forum.

41. All non PACA-creditors must file and serve a Complaint in Intervention, only, in the manner set forth in ¶39, on or before the Thursday, October 06, 2011 Deadline to File Complaint in Intervention and PACA Proof of Claim set forth in ¶38. Any creditor of Custom Cuts, which is not a Produce supplier, who fails to timely file a Complaint in Intervention with the Court and serve the counsel and parties identified in ¶39 shall be forever barred from contesting whether Custom Cuts' assets are subject to the trust provisions of PACA, whether in this Court or any other forum.

42. Each person or entity intervening in this case shall be bound by all Orders entered in this case.

43. Any party wishing to review or copy any pleadings filed in this case may make arrangements with the Clerk of the Court to view the documents or arrange for copying at the requesting party's expense.

44. Any objections to any PACA claims, including without limitation, objections of Plaintiffs, Defendants, and any third parties, shall be deemed waived if not raised as specified in ¶28.

45. Any objections to any PACA claims must be filed with the Clerk of the Court and served upon all counsel and parties identified in ¶39 on or before Wednesday, October 26, 2011, the deadline for "Objections to any PACA Proof of Claim Due" set forth in ¶38 of this Order ("Valid Objection"). The Valid Objection must set forth in detail the legal and factual basis for the objection. Any additional evidence which the objecting party wishes the Court to

consider when resolving the objection must be filed with the Valid Objection and presented by way of sworn affidavits or deposition testimony.

46. On or before the Monday, November 07, 2011 deadline for "Responses to Claims Objections Due" set forth in ¶38 of this Order, any PACA claimant whose claim is subject to a Valid Objection may file with the Court a detailed response to any Valid Objection received, including any supporting rebuttal evidence by way of sworn affidavits, declarations, or deposition testimony, and serve all counsel and parties identified in ¶39, as well as the objecting party or its counsel, if represented. A claim will be disallowed if a Valid Objection was timely filed and the claimant fails to file and serve a timely response.

47. Any PACA claim listed on a Proof of Claim, to which no Valid Objection has been filed and served prior to the Objection Deadline, shall be deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim. If a PACA claim is subject to a timely filed and served Valid Objection as to only a part of the claim's amount, that claim will be deemed a valid PACA Trust claim only to the extent it is not subject to the timely filed and served Valid Objection.

48. The claimant and the objecting party shall thereafter exercise best efforts to resolve any Valid Objections. In the event the claimant and the objecting party are unable to resolve such dispute or the Valid Objection is not withdrawn, the claimant shall file a motion for determination of the validity of the disputed claims on or before Thursday, November 17, 2011, the "Deadline to File Motion to Rule on Objections" set forth in ¶38 of this Order. The Motion to Rule on Objections must set forth in detail the legal and factual basis for the validity

of the disputed claim. Any claimant that does not file a timely Motion to Rule on Objections shall be deemed to have waived that portion of its claim subject to the objection.

49. On or before Tuesday, November 22, 2011, the "Deadline to File PACA Trust Chart and Move for Interim Distribution, set forth in ¶38 of this Order, Mr. Jelenchick shall prepare, file with the Court, and serve upon all counsel of record and any *pro se* entities that filed a PACA Proof of Claim a PACA Trust Chart listing:

   a) Each person or entity having filed a verified PACA Proof of Claim;

   b) The amount of its claim as set forth on the Proof of Claim;

   c) The amount which is deemed valid due to no Valid Objections filed;

   d) The amount which is deemed invalid due to no response to a Valid Objection filed;

   e) The amount, if any, subject to a pending Valid Objection;

   f) The amount of any Valid Objection resolved by settlement ("PACA Trust Chart");

   g) The funds available for an interim distribution, which shall be equal to 75% of the funds on deposit at the time in the PACA Trust Account ("Available Funds");

   h) The pro-rata distribution of the Available Funds to the undisputed and disputed claims, and '

   i) Allow for a reserve in the event all pending Valid Objections are overruled.

Mr. Jelenchick shall simultaneously file with the Court and serve on all parties a motion requesting distribution of the Available Funds to the qualified PACA trust creditors in accordance with the PACA Trust Chart. The PACA Trust Chart and Motion for Interim Distribution shall be filed with the Court and served upon all parties. Claimants' percentages

subject to pending Valid Objections will be maintained in reserve in the PACA Trust Account. The 25% of the funds in the PACA Trust account which is being withheld from the Interim Distribution may be subject to the claims of Mr. Jelenchick for attorneys' fees.

50. Any objection to the PACA Trust Chart or Motion for Interim Distribution of Available Funds, shall be filed with the Court and served on all counsel listed in paragraph ¶39 on or before Tuesday, November 29, 2011, the "Deadline to File Objections to PACA Trust Chart and Motion for Interim Distribution of Available Funds" set forth in ¶38.

51. On or before Friday, December 2, 2011, the "Deadline to Reply to any Objection to PACA Trust Chart and Motion for Interim Distribution of Available Funds" set forth in ¶38, any party may file with the Court and serve on all parties and the attorney for the objecting party, a reply to the objection which may include a request for a hearing.

52. Absent an unresolved objection to the "PACA Trust Chart and Motion for Interim Distribution of Available Funds", on Friday, December 9, 2011, Mr. Jelenchick shall, and is hereby authorized to, make an interim distribution of Available Funds to be paid pro-rata to the holders of valid claims listed on the PACA Trust Chart. Mr. Jelenchick shall make the distributions payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution shall be made in one lump sum in the aggregate amount of all of the attorney's clients' distributions. Each attorney has the duty to then distribute the funds to their clients in accordance with the PACA Trust Chart subject to any contrary agreement among the attorney and his or her clients. The pro-rata portion of any claims subject to an unresolved objection, to the extent of the objection only, will be held in the

PACA Trust Account until such time as the Valid Objections to such claims are resolved, in which case the reserve portion is either used to make the pro-rata distribution to the claim to the extent the claim is allowed, or is made available for distribution to other valid claimants if the claim is disallowed. Mr. Jelenchick shall adjust all valid claimants' percentage shares and distributions after the resolution of these disputed claims, but before any subsequent distributions. The total amount distributed to each valid claimant, including all prior interim and subsequent distributions, will reflect the claimants' percentage shares after the resolution of Valid Objections.

53. Mr. Jelenchick shall use the same procedure to make subsequent distributions. In the event of a change in the PACA Trust Chart, before making any subsequent interim or final distributions, Mr. Jelenchick shall file with the Court and serve, via email, facsimile, or overnight delivery upon all counsel of record and all pro se parties, a revised PACA Trust Chart. All parties have seven (7) days from service of the revised PACA Trust Chart to file and serve timely, Valid Objections to the revised PACA Trust Chart. Absent timely, Valid Objections, Mr. Jelenchick is authorized to make the distribution set forth in the revised PACA Trust Chart.

### VII.  PROCEDURAL ISSUES

54. So that all trust beneficiaries share the burden of the expenses incurred in administering the trust on the same pro-rata basis as they are accepting the benefits of such actions, including the prospective costs of marshalling the trust assets for their benefit; that the Court will direct payment of reasonable reimbursement for attorneys' fees and costs to

Plaintiff and/or Defendants, to the extent their actions benefit the trust beneficiaries, and reimbursement of their costs upon separate application and order, after notice to all creditors and hearing if necessary.

55. Mr. Jelenchick may apply to the Court for reimbursement of reasonable fees incurred and costs expended in connection with his performance of the tasks set forth in this Order.

56. In light of the numerous Complaints and Complaints in Intervention anticipated to be filed in this case, Custom Cuts, Bradley Beckman and any other Defendants are granted an extension until November 15, 2011 to file an omnibus answer to any such Amended Complaints and Complaints in Intervention.

57. This Court shall exercise exclusive in rem jurisdiction over this action, the PACA Trust Assets, and the PACA Trust Account established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

58. Initial Disclosures as provided for under Rule 26(a)(1) of the Federal Rules of Civil Procedure are hereby deferred pending further Court Order. Pursuant to Rule 26(d)(1), discovery may commence without the need to first confer as required by Rule 26(f). Bradley Beckman is directed to submit himself for deposition by the PACA Plaintiffs on or before September 15, 2011. The parties will endeavor in good faith to arrange a reasonable schedule for such deposition. Nothing in this order shall limit the right of any party that intervenes in this case to later depose Mr. Beckman.

59. Mr. Jelenchick shall have no responsibility or obligation to any person or entity with respect to the PACA Trust Account, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order and other Orders of this Court. Mr. Jelenchick may rely upon and shall be protected in acting or refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Defendant's books and records) reasonably believed by Mr. Jelenchick to be genuine and to have been signed or presented by the proper party or parties, or their counsel. Mr. Jelenchick shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document. Mr. Jelenchick shall not be liable for any mistake of fact or error or judgment or for any act done or omitted in good faith as required or permitted by this or other orders of this Court. Mr. Jelenchick shall be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account.

60. Any and all pending actions by or on behalf of other persons or entities against Custom Cuts, its officers or employees, which arise under or relate to the trust provisions of PACA are hereby stayed and all subsequent actions by any unpaid seller of Produce under the trust provisions of PACA to the Company are hereby barred.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2011.

**BY THE COURT**:

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**