**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| **BAGINSKI POTATO COMPANY Ltd,**  Plaintiff, | Case No. 2:11-CV-00439-RTR |
| vs. | |
| **CUSTOM CUTS FRESH LLC, BRADLEY BECKMAN,**  Defendants. | |
| **RIVER POINT FARMS LLC,**  Plaintiff, | |
| vs. | |
| **CUSTOM CUTS INC., CUSTOM CUTS FRESH LLC, BRADLEY BECKMAN**  Defendants. | |
| **KAISER INTERNATIONAL, LLC,**  Plaintiff, | |
| vs. | |
| **CUSTOM CUTS FRESH, LLC, BRADLEY V. BECKMAN,**  Defendants. | |
| **SUNRIDGE FARMS, INC. dba COASTLINE,**  Plaintiff, | |
| vs. | |
| **CUSTOM CUTS INC., CUSTOM CUTS FRESH LLC, BRADLEY BECKMAN**  Defendants. | |
| **SANTA BARBARA FARMS, LLC**  Plaintiff, | |
| vs. | |
| **CUSTOM CUTS, INC., CUSTOM CUTS FRESH LLC, BRADLEY BECKMAN**  Defendants. | |
| **HARVEST FOOD GROUP, INC.,**  Plaintiff, | |
| vs. | |
| **CUSTOM CUTS FRESH LLC, BRADLEY V. BECKMAN**  Defendants. | |
| **JENNARO BROTHERS, LLC,**  Plaintiff, | |
| vs. | |
| **CUSTOM CUTS FRESH LLC, BRADLEY V. BECKMAN**  Defendants. | |

**ORDER GRANTING MOTION TO AMEND DEADLINES IN SECTIONS III, V, VI, AND VII
OF THE COURT'S AUGUST 16, 2011 ORDER**

Before this Court is a Motion To Amend of Deadlines Set Forth in Sections III, V, VI, and VII of the Court's August 16, 2011 Order brought by Plaintiffs Baginski Potato Company, Ltd., C.H. Robinson Worldwide, Inc., River Point Farms, LLC, Sunridge Farms, Inc. d/b/a Coastline, Santa Barbara Farms, LLC, and Kaiser International, LLC (collectively, "PACA Plaintiffs"). Accordingly, the Court finds:

## I. PROCEDURAL HISTORY

1. Plaintiff Baginski Potato Company, Ltd. ("Baginski") initiated this action against Defendants Custom Cuts Fresh, LLC and Bradley V. Beckman on May 6, 2011 seeking enforcement of the statutory trust arising under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499, et seq.

2. The trust provisions of PACA establish a statutory, nonsegregated trust under which Custom Cuts and Bradley Beckman are required to hold all trust assets including inventory, proceeds, and accounts receivable in trust for qualified beneficiaries until full payment is made. 7 U.S.C. §499e(c)(2).

3. On May 9, 2011, Baginski filed a Motion for Temporary Restraining Order and Preliminary Injunction [DE 3] seeking injunctive relief against Defendants for violations of the duties imposed by PACA, including but not limited to failure to preserve PACA trust funds and breach of fiduciary duties to pay all PACA trust beneficiaries in full. The Defendants did not respond to that Motion.

4. On July 1, 2011, River Point Farms, LLC ("River Point") initiated case number 2:11-cv-00638 against Custom Cuts Fresh, LLC, Bradley V. Beckman, and Custom Cuts, Inc. seeking enforcement of its rights under PACA.

5. On July 6, 2011, Kaiser International, LLC ("Kaiser") initiated case number 2:11-

cv-00647 against Custom Cuts Fresh, LLC and Bradley V. Beckman also seeking enforcement of its rights under PACA. Kaiser also sought a Temporary Restraining Order enjoining Defendants' dissipation of PACA trust assets. [DE 2]. The Defendants did not respond to that motion, which was denied on July 7, 2011. [DE 8].

6. On July 8, 2011, Baginski filed an Amended Complaint [DE 17], adding C.H. Robinson Worldwide, Inc. ("C.H. Robinson") as a Plaintiff, and this Court entered an Order [DE 16] consolidating the River Point and Kaiser cases into this case and granting Baginski's Motion for a Preliminary Injunction ("Preliminary Injunction Order"). The Preliminary Injunction Order directed Defendants to escrow the proceeds from produce sales, identify the receivables, inventory the assets of Custom Cuts, and to separate and maintain the Custom Cuts' produce-related assets.

7. On July 19, 2011, Baginski, C.H. Robinson, River Point, and Kaiser discovered that Custom Cuts intended to sell substantially all of its assets at an auction on July 27, 2011 and did not intend to preserve these funds for the Plaintiffs, in violation of the Preliminary Injunction Order.

8. On July 22, 2011, Sunridge Farms, Inc. initiated case number 2:11-cv-00699, and Santa Barbara Farms, Inc. initiated case number 2:11-cv-00701, both cases against Custom Cuts Fresh, LLC, Bradley V. Beckman, and Custom Cuts, Inc., seeking enforcement of their respective rights under PACA, which were consolidated with the immediate action by way of the Court's August 16, 2011 Order.

9. On July 25, 2011, the PACA Plaintiffs and counsel for the auction company entered into a Stipulation to Permit Auction of Assets. [DE 22]. In accordance with the Order approving that Stipulation [DE 23], the auction sale took place, and $531,001.30 of the proceeds

were deposited into the PACA Trust Account in accordance with the Court's August 16, 2011 Order.

10. On August 2, 2011, the PACA Plaintiffs filed a motion seeking an order to show cause why Defendants Custom Cuts and Beckman should not be held in contempt of Court. [DE 24].

11. On August 4, 2011, Harvest Food Group, Inc. sought leave to intervene in this case [DE 26], which was granted by the Court on August 15, 2011.

12. On August 15, 2011, Baginski, C.H. Robinson, River Point, and Kaiser filed an Amended Motion For Preliminary Injunction, Consolidation, and Establishing a PACA Claims Procedure. [DE 35].

13. On August 16, 2011, a hearing was held before Judge Rudolph T. Randa, and the Court entered an Order Granting Motion For Entry of Amended Preliminary Injunction, Consolidation, and Establishing a PACA Claims Procedure ("Amended Preliminary Injunction Order").

14. On September 6, 2011, Jennaro Brothers LLC sought leave to intervene in this case [DE 44], which was approved by the Court on September 13, 2011 pursuant to the Court's text only Order.

15. On September 12, 2011, Anthony Marano Company ("Marano") also sought leave to intervene in this case [DE 47] and filed a Motion For Disbursement of Funds. [DE 48].

16. On September 16, 2011, Attorney Steven W. Jelenchick filed a letter with the Court, providing a status update regarding difficulties complying with the deadlines set forth in the Court's Order dated August 16, 2011. [DE 50].

17. On September 23, 2011, Baginski, C.H. Robinson, Kaiser, and River Point filed a

Motion for An Order Under Fed R. Civ. P. 56(d) in response to Marano's motion filed on September 12, 2011. [DE 51].

## II. LEGAL AND FACTUAL FINDINGS

18. According to the pleadings, the Declarations, and the supporting documents, Custom Cuts has purchased or received from the Plaintiffs perishable agricultural commodities in foreign and interstate commerce, and has failed to pay the Plaintiffs for the perishable agricultural commodities in violation of PACA, 7 U.S.C. §499e(c).

19. Defendants have dissipated the PACA trust assets by failing to maintain sufficient "freely available" assets to satisfy the PACA trust claims of the Plaintiffs.

20. The PACA Plaintiffs have established that there is sufficient evidence of dissipation of assets subject to the PACA trust to warrant the relief granted in this Order.

21. Extending the dates in Sections III, V, VI, and VII of the Amended Preliminary Injunction Order causes no damage to Defendants as it merely provides them with additional time to meet their obligations set forth in the PACA statute.

22. Defendants acknowledge and agree the deadlines set forth in Sections III, V, VI, and VII of the Amended Preliminary Injunction Order should be extended and have no objection to same.

23. Extending the deadlines in Sections III, V, VI, and VII of the Amended Preliminary Injunction Order will not adversely affect the public interest.

24. Extending the deadlines in Sections III, V, VI, and VII of the Amended Preliminary Injunction Order is necessary to facilitate the ongoing efforts to recover PACA trust assets, prevent loss or diversion of such assets, minimized administrative costs, determine the amount of valid claims to the assets, distribute the PACA trust assets pro-rata to qualified PACA

trust beneficiaries, and to minimize further litigation.

25. This Order modifies the deadlines set forth in Sections III, V, VI, and VII of the Amended Preliminary Injunction Order, and any portion of the Amended Preliminary Injunction Order that are not modified by this Order remain in full force and effect.

Based on the foregoing, **IT IS HEREBY ORDERED**, as follows:

### III. PRELIMINARY INJUNCTION

26. Modifying ¶23 of the Amended Preliminary Injunction Order, Defendant Beckman has until 5:00 p.m. CST on Friday, October 21, 2011 to provide the attorneys listed in ¶39 of the Amended Preliminary Injunction Order with:

   a. A detailed statement listing Custom Cuts' outstanding accounts receivable ("Receivables Report"), including the address, telephone number, and primary contact person for each of the companies listed, along with the amounts due to Custom Cuts.

   b. A detailed statement listing Custom Cuts' outstanding accounts payable ("Payables Report"), including the address, telephone number, and primary contact for each of the companies listed, along with the amounts owed by Custom Cuts.

   c. A list that identifies all financial institutions where Custom Cuts has had an account within the past two years.

   d. A sworn statement, identifying all assets purchased by Custom Cuts within the last year;

   e. All liabilities incurred by Custom Cuts within the last year;

   f. The income tax returns filed by Custom Cuts for the 2009 and 2010 tax years, including all schedules, attachments, and amendments.

### V. COLLECTION AND LIQUIDATION OF THE PACA TRUST ASSETS

27. Modifying ¶31 of the Amended Preliminary Injunction Order, on or before Tuesday, November 29, 2011, all persons and business that have purchased produce from Custom Cuts and owe money to Custom Cuts for those purchases, shall tender to Mr. Jelenchick

all amounts owed to Custom Cuts. Mr. Jelenchick shall then promptly deposit all amounts received into the PACA Trust Account.

## VI. PACA CLAIMS PROCEDURE

28. Modifying ¶37 of the Amended Preliminary Injunction Order, on or before Tuesday, November 15, 2011, Mr. Jelenchick shall send the Notice attached to this Order as Exhibit 1 to each creditor listed on Custom Cuts' Payables Report. If the creditor is already a party to this case, or if a notice of appearance has been filed on its behalf in this action, the Notice shall be sent to the creditor's attorney of record. The Notice shall be accompanied by a copy of this Order, Mr. Jelenchick shall send the Notice and Order by certified mail with return receipt requested, facsimile, or any equally verifiable means of delivery.

29. Modifying ¶38 of the Amended Preliminary Injunction Order, the Notice shall be structured on the following schedule:

> Deadline to File Complaint in Intervention and
> PACA Proof of Claim…………………………............Monday, December 5, 2011
>
> Objections to any PACA Proof of Claim Due……....Monday, December 26, 2011
>
> Responses to Claim Objections Due……………......Friday, January 6, 2012
>
> Deadline to File Motion to Rule on Objections………Monday, January 16, 2012
>
> Deadline to File PACA Trust Chart and Motion for
> Interim Distribution of Available Funds……………..Monday, January 23, 2012
>
> Deadline to Object to PACA Trust Chart and Motion for
> Interim Distribution of Available Funds……………..Monday, January 30, 2012
>
> Deadline to Reply to any Objection to PACA Trust Chart and
> Motion for Interim Distribution of Available Funds…Thursday, February 2, 2012
>
> Deadline for Interim Distribution…………………….Tuesday, February 7, 2012

30. Modifying ¶39 of the Amended Preliminary Injunction Order, on or before

Monday, December 5, 2011, the "Deadline to File Complaint in Intervention and PACA Proof of Claim," each unpaid supplier of produce to Custom Cuts or other claimant alleging rights under the PACA Trust, shall file with the Clerk of the Court for this District:

    a. A Complaint in Intervention (or Amended Complaint) complying with Federal Rule of Civil Procedure 8(a); <u>and</u>

    b. A completed Declaration in Support of PACA Trust Claim ("PACA Proof of Claim"), in a form substantially similar to that attached as Exhibit 2 to the Amended Preliminary Injunction, along with any and all documents supporting its claim. Each PACA Proof of Claim must be verified by either an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts compromising such claims, and any documents that are not attached to the PACA Proof of Claim shall be inadmissible at any evidentiary proceeding or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

The Complaint in Intervention (or Amended Complaint) and Declaration in Support of PACA Trust Claim shall be served upon the attorneys listed below.

| **MEUERS LAW FIRM, P.L.** | **BECK, CHAET, BAMBERGER & POLSKY, S.C.** |
|---|---|
| Katy Koestner Esquivel | Steven W. Jelenchick |
| 5395 Park Central Court | 330 East Kilbourn Avenue, Suite 1085 |
| Naples, Florida 34109-5932 | Milwaukee, Wisconsin 53202 |
| Telephone: (239) 513-9191 | Telephone: (414) 273-4200 |
| Facsimile: (239) 513-9677 | Facsimile: (414) 273-7786 |
| kesquivel@meuerslawfirm.com | sjelenchick@bcblaw.net |

**MARTYN AND ASSOCIATES**
Devin J. Oddo
820 Superior Avenue, N.W., Tenth Floor
Cleveland, Ohio 44113
Telephone: (216) 861-4700
djoddo@martynlawfirm.com

Service under this paragraph will be accomplished in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. The parties agree that service may be made in accordance with Fed. R. Civ. P. 5(b)(2)(D) via e-mail, provided that if service is effectuated via e-mail, a copy of the document shall also be served via facsimile or U.S. Mail on the date of e-mail service, and

service via e-mail shall be made to the e-mail addresses identified above. All filings will be accompanied by a certificate of service.

31. Modifying ¶41 of the Amended Preliminary Injunction Order, all non PACA-creditors must file and serve a Complaint in Intervention, only, in the manner set forth in ¶39 of the Amended Preliminary Injunction Order, on or before the Monday, December 5, 2011 Deadline to File Complaint in Intervention and PACA Proof of Claim. Any creditor of Custom Cuts, which is not a produce supplier, who fails to timely file a Complaint in Intervention with the Court and serve the counsel and parties identified in ¶39 of the Amended Preliminary Injunction Order shall be forever barred from contesting whether Custom Cuts' assets are subject to the trust provisions of PACA, whether in this Court or any other forum.

32. Modifying ¶45 of the Amended Preliminary Injunction Order, any objections ("Valid Objection") to any PACA claims must be filed with the Clerk of the Court and served upon all counsel and parties identified in ¶39 of the Amended Preliminary Injunction Order on or before Monday, December 26, 2011, the deadline for Objections to any PACA Proof of Claim Due. The Valid Objection must set forth in detail the legal and factual basis for the objection. Any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the Valid Objection and presented by way of sworn affidavits or deposition testimony.

33. Modifying ¶46 of the Amended Preliminary Injunction Order, on or before the Friday, January 6, 2012 deadline for Responses to Claims Objections Due, any PACA claimant whose claim is subject to a Valid Objection may file with the Court a detailed response to any Valid Objection received, including any supporting rebuttal evidence by way of sworn affidavits, declarations, or deposition testimony, and serve all counsel and parties identified in ¶39 of the

Amended Preliminary Injunction Order, as well as the objecting party or its counsel, if represented. A claim will be disallowed if a Valid Objection was timely filed and the claimant fails to file and serve a timely response.

34. Modifying ¶48 of the Amended Preliminary Injunction Order, the claimant and the objecting party shall thereafter exercise best efforts to resolve any Valid Objections. In the event the claimant and the objecting party are unable to resolve such dispute or the Valid Objection is not withdrawn, the claimant shall file a motion for determination of the validity of the disputed claims on or before Monday, January 16, 2012, the Deadline to File Motion to Rule on Objections. The Motion to Rule on Objections must set forth in detail the legal and factual basis for the validity of the disputed claim. Any claimant that does not file a timely Motion to Rule on Objections shall be deemed to have waived that portion of its claim subject to the objection.

35. Modifying ¶49 of the Amended Preliminary Injunction Order, on or before Monday, January 23, 2012, the Deadline to File PACA Trust Chart and Move for Interim Distribution, Mr. Jelenchick shall prepare, file with the Court, and serve upon all counsel of record and any *pro se* entities that filed a PACA Proof of Claim a PACA Trust Chart listing:

    a. Each person or entity having filed a verified PACA Proof of Claim;

    b. The amount of its claim as set forth on the Proof of Claim;

    c. The amount which is deemed valid due to no Valid Objections filed;

    d. The amount which is deemed invalid due to no response to a Valid Objection filed;

    e. The amount, if any, subject to a pending Valid Objection;

    f. The amount of any Valid Objection resolved by settlement;

g. The funds available for an interim distribution, which shall be equal to 75% of the funds on deposit at the time in the PACA Trust Account ("Available Funds");

h. The pro-rata distribution of the Available Funds to the undisputed and disputed claims; and

i. Allow a reserve in the event all pending Valid Objections are overruled.

Mr. Jelenchick shall simulatenously file with the Court and serve on all parties a motion requesting distribution of the Available Funds to the qualified PACA trust creditors in accordance with the PACA Trust Chart. The PACA Trust Chart and Motion for Interim Distribution shall be filed with the Court and served upon all parties. Claimants' percentages subject to pending Valid Objections will be maintained in reserve in the PACA Trust Account. The 25% of the funds in the PACA Trust Account, which is being withheld from the Interim Distribution, may be subject to the claims of Mr. Jelenchick for attorneys' fees.

36. Modifying ¶50 of the Amended Preliminary Injunction Order, any objection to the PACA Trust Chart or Motion for Interim Distribution of Available Funds, shall be filed with the Court and served on all counsel listed in ¶39 of the Amended Preliminary Injunction Order on or before Monday, January 30, 2012, the Deadline to Object to PACA Trust Chart and Motion for Interim Distribution of Available Funds.

37. Modifying ¶51 of the Amended Preliminary Injunction Order, on or before Thursday, February 2, 2012, the Deadline to Reply to any Objection to PACA Trust Chart and Motion for Interim Distribution of Funds, any party may file with the Court and serve on all parties and the attorney for the objecting party, a reply to the objection, which may include a request for a hearing.

38. Modifying ¶52 of the Amended Preliminary Injunction Order, absent an

unresolved objection to the PACA Trust Chart and Motion for Interim Distribution of Available Funds, on Tuesday, February 7, 2012, Mr. Jelenchick shall, and is hereby authorized to, make an interim distribution of Available Funds to be paid pro-rata to the holders of valid claims listed on the PACA Trust Chart. Mr. Jelenchick shall make the distributions payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution shall be made in one lump sum in the aggregate amount of all of the attorney's clients' distributions. Each attorney has the duty to then distribute the funds to their clients in accordance with the PACA Trust Chart subject to any contrary agreement among the attorney and his or her clients. The pro-rata portion of any claims subject to an unresolved objection, to the extent of the objection only, will be held in the PACA Trust Account until such time as the Valid Objections to such claims are resolved, in which case the reserve portion is either used to make the pro-rata distribution to the claim to the extent the claim is allowed, or is made available for distribution to other valid claimants it the claim is disallowed. Mr. Jelenchick shall adjust all valid claimants' percentage shares and distributions after the resolution of these disputed claims, but before any subsequent distributions. The total amount distributed to each valid claimant, including all prior interim and subsequent distributions, will reflect the claimants' percentage shares after the resolution of Valid Objections.

## VII. PROCEDURAL ISSUES

39. Modifying ¶56 of the Amended Preliminary Injunction Order, in light of the numerous Complaints and Complaints in Intervention anticipated to be filed in this case, Custom Cuts, Bradley Beckman, and any other Defendants are granted an extension until Monday, January 16, 2012 to file an omnibus answer to any such Amended Complaints and Complaints in Intervention.

40. Modifying ¶58 of the Amended Preliminary Injunction Order, Initial Disclosures as provided for under Rule 26(a)(1) of the Federal Rules of Civil Procedure are hereby deferred pending further Court Order. Pursuant to Rule 26(d)(1), discovery may commence without the need to first confer as required by Rule 26(f). Bradley Beckman is directed to submit himself for deposition by the PACA Plaintiffs on or before Monday, November 14, 2011. The parties will endeavor in good faith to arrange a reasonable schedule for such deposition. Nothing in this Order shall limit the right of any party that intervenes in this case to later depose Mr. Beckman.

Dates at Milwaukee, Wisconsin, this 6th day of October, 2011.

BY THE COURT:

_____
HON. RUDOLPH T. RANDA
U.S. District Judge